IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **DIANA UNRUH,** § | |
| § | |
| *Plaintiff,* § | |
| § | CIVIL ACTION NO. 4:16-cv-3600 |
| v. § | |
| § | JURY |
| **ALLSTATE TEXAS LLOYD'S,** § | |
| § | |
| *Defendant.* § | |

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Allstate Texas Lloyd's files this Notice of Removal pursuant to 28 U.S.C. §1446(a) and respectfully shows the Court the following:

*Procedural Background*

1.     On or about October 26, 2016, Plaintiff filed Plaintiff's Original Petition in the matter styled: *Diana Unruh v. Allstate Texas Lloyd's;* Cause No. 2016-74527; In the 11th Judicial District Court, Harris County, Texas, in which Plaintiff made a claim for damages under her homeowner's insurance policy with Allstate Texas Lloyd's following a windstorm/hailstorm. Allstate Texas Lloyd's registered agent received this citation and petition on November 10, 2016. Defendant files this Notice of Removal within the thirty-day time period required by 28 U.S.C. §1446(b).

2.     Attached hereto as Exhibit "A" is the Index of Matters Being Filed.  A copy of the Harris County Clerk's file for this case is attached as Exhibit "B", which includes true and

correct copies of all executed process, pleadings and orders, and a copy of *Defendant's Original Answer*. Attached hereto as Exhibit "C" is the Designation of Counsel.

## *Basis for Removal*

3. Removal is proper under 28 U.S.C. §1332(a)(1). There is complete diversity of citizenship.

4. Plaintiff is, and was at the time the lawsuit was filed, a citizen of the State of Texas. *See* Plaintiff's Original Petition, Section 2.1.

5. Defendant Allstate Texas Lloyd's is, and at the date of this Notice, remains, an association of underwriters whose individual underwriters are all residents and citizens of the State of Illinois and New Jersey.[1] "The United States Supreme Court has consistently held for over one hundred years that the citizenship of an unincorporated association [such as Allstate] is determined ... solely by the citizenship of its members." *See Massey v. State Farm Lloyds Ins. Co.*, 993 F. Supp. 568, 570 (S.D. Tex. 1998); *see also Gore v. Stenson*, 616 F. Supp. 895, 898-899 (S.D. Tex. 1984) (recognizing years of Supreme Court precedent reaffirming the treatment of unincorporated associations for jurisdictional purposes).[2] The individual underwriters of Allstate Texas Lloyd's and their citizenship are as follows: 1). Donald J. Bailey – New Jersey; 2). Kimberley M. Bartos – Illinois; 3). Michael W. Demetre – Illinois; 4). William G. Hill – Illinois; 5). James W. Jonske – Illinois; 6). Bonnie A. Lee – Illinois; 7). Laurie Pellouchoud – Illinois; 8). Mario Rizzo – Illinois; 9). Richard J. Smith, Jr. – Illinois; 10.) Steven P. Sorensen – Illinois; 11.) Myron E. Stouffer. Accordingly, Allstate Texas Lloyd's is a citizen of the States of Illinois and New Jersey. Allstate Texas Lloyd's is not a citizen of the State of Texas.

---

[1] *See Royal Ins. Co. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882-884 (5th Cir. 1993), *cert. denied*, 522 U.S. 815 (1997); s*ee also Massey v. State Farm Lloyds Ins. Co.*, 993 F. Supp. 568, 570 (S.D. Tex. 1998).
[2] "Fifth Circuit jurisprudence is equally clear." *See Massey,* 993 F. Supp. at 570 (citing *International Paper Co. v. Denkmann Assoc.*, 116 F.3d 134, 137 (5th Cir. 1997)).

6.      In determining the amount in controversy, the court may consider "policy limits ... penalties, statutory damages, and punitive damages." *St. Paul Reinsurance Co., Ltd v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see Ray v. State Farm Lloyds*, No. CIV.A.3:98-CV-1288-G, 1999 WL 151667, at * 2-*3 (N.D. Tex. Mar. 10, 1999) (finding a sufficient amount in controversy in plaintiff's case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co., et al.*, 75 F.Supp.2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Insurance Exchange*, 844 F.Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages).

7.      The amount in controversy in this case exceeds the jurisdictional requirements of this court.  Plaintiff's Original Petition clearly states that Plaintiff seeks damages in excess of $100,000.00.  *See* Plaintiff's Original Petition, Section 9.1.  This evidence clearly demonstrates that the amount in controversy in this case exceeds the jurisdictional requirements.

### *The Removal is Procedurally Correct*

8.      Allstate Texas Lloyd's was first served with the Petition on November 10, 2016. Allstate Texas Lloyd's files this Notice of Removal within the 30-day time period required by 28 U.S.C. §1446(b).

9. Venue is proper in this district under 28 U.S.C. §1446(a) because this district and division embrace the place in which the removed action has been pending and because a substantial part of the events giving rise to the Plaintiff's claims allegedly occurred in this district.

10. Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

11. Pursuant to 28 U.S.C. §1446(d), promptly after Allstate Texas Lloyd's files this Notice, written notice of the filing will be given to Plaintiff, the adverse party.

12. Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of Harris County promptly after Allstate Texas Lloyd's files this Notice.

Respectfully submitted,

By: */s/Jay Scott Simon*
Jay Scott Simon
State Bar No. 24008040
Southern District No. 31422
jsimon@thompsoncoe.com
THOMPSON, COE, COUSINS & IRONS, L.L.P.
One Riverway, Suite 1400
Houston, Texas 77056
Telephone: (713) 403-8210
Telecopy: (713) 403-8299

**ATTORNEY FOR DEFENDANT ALLSTATE TEXAS LLOYD'S**

## **CERTIFICATE OF SERVICE**

  This is to certify that on December 8, 2016, a true and correct copy of the foregoing was served upon the following Counsel of Record in accordance with the Federal Rules of Civil Procedure:

 Jesse S. Corona
 THE CORONA LAW FIRM, PLLC
 521 N. Sam Houston Pkwy E., Ste. 420
 Houston, TX 77060
 Email: jesse@thecoronalawfirm.com

              _/s/Jay Scott Simon_
              Jay Scott Simon