| HCDistrictclerk.com | UNRUH, DIANA vs. ALLSTATE TEXAS LLOYD'S | 12/6/2016 |
|---|---|---|
| | Cause: 201674527   CDI: 7   Court: 011 | |

## APPEALS
No Appeals found.

## COST STATMENTS
No Cost Statments found.

## TRANSFERS
No Transfers found.

## POST TRIAL WRITS
No Post Trial Writs found.

## ABSTRACTS
No Abstracts found.

## SETTINGS
No Settings found.

## NOTICES
No Notices found.

## SUMMARY

### CASE DETAILS
| | |
|---|---|
| **File Date** | 10/26/2016 |
| **Case (Cause) Location** | Civil Intake 1st Floor |
| **Case (Cause) Status** | Active - Civil |
| **Case (Cause) Type** | Debt/Contract - Consumer/DTPA |
| **Next/Last Setting Date** | N/A |
| **Jury Fee Paid Date** | 12/5/2016 |

### COURT DETAILS
| | |
|---|---|
| **Court** | 011th |
| **Address** | 201 CAROLINE (Floor: 9) HOUSTON, TX 77002 Phone:7133686020 |
| **JudgeName** | MICHAEL D. MILLER |
| **Court Type** | Civil |

## ACTIVE PARTIES

| Name | Type | Post Jdgm | Attorney |
|---|---|---|---|
| UNRUH, DIANA | PLAINTIFF - CIVIL | | CORONA, JESSE S. |
| 521 N SAM HOUSTON PKWY E, HOUSTON, TX 77060 | | | |
| ALLSTATE TEXAS LLOYD'S | DEFENDANT - CIVIL | | SIMON, JAY S. |
| ALLSTATE TEXAS LLOYD'S BY SERVING ITS REGISTERED AGENT CT | REGISTERED AGENT | | |
| 1999 BRYAN STREET SUITE 900, DALLAS, TX 75201-3136 | | | |

## INACTIVE PARTIES
No inactive parties found.

# EXHIBIT B

## JUDGMENT/EVENTS

| Date | Description | Order Signed | Post Jdgm | Pgs | Volume/Page | Filing Attorney | Person Filing |
|---|---|---|---|---|---|---|---|
| 12/2/2016 | JURY FEE PAID (TRCP 216) | | | 0 | | | |
| 12/2/2016 | ANSWER | | | 0 | | SIMON, JAY S. | ALLSTATE TEXAS LLOYD'S |
| 12/2/2016 | JURY FEE PAID (TRCP 216) | | | 0 | | | |
| 10/26/2016 | JURY FEE PAID (TRCP 216) | | | 0 | | | |
| 10/26/2016 | ORIGINAL PETITION | | | 0 | | CORONA, JESSE S. | UNRUH, DIANA |

## SERVICES

| Type | Status | Instrument | Person | Requested | Issued | Served | Returned | Received | Tracking | Deliver To |
|---|---|---|---|---|---|---|---|---|---|---|
| CITATION | SERVICE RETURN/EXECUTED | ORIGINAL PETITION | ALLSTATE TEXAS LLOYD'S BY SERVING ITS REGISTERED AGENT CT | 10/26/2016 | 10/27/2016 | | 11/10/2016 | | 73304231 | CIV AGCY-CIVILIAN SERVICE AGENCY |

1999 BRYAN STREET SUITE 900 DALLAS TX 75201

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|---|---|---|---|---|
| 72955052 | Defendant's Original Answer | | 12/02/2016 | 2 |
| 72833842 | Citation | | 11/22/2016 | 2 |
| 72552688 | Civil Process Pick-Up Form | | 10/27/2016 | 1 |
| 72487365 | Plaintiff's Original Petition | | 10/26/2016 | 43 |
| ·> 72487366 | Civil Case Information Sheet | | 10/26/2016 | 1 |

Case 4:16-cv-03600 Document 1-2 Filed in TXSD on 12/08/16 Page 3 of 20

10/26/2016 5:47:55 PM
Chris Daniel - District Clerk Harris County
Envelope No. 13465267
By: Nelson Cuero
Filed: 10/26/2016 5:47:55 PM

2016-74527 / Court: 011

CAUSE NO. _____

| | | |
|---|---|---|
| DIANA UNRUH, | § | IN THE DISTRICT COURT |
| *Plaintiff*, | § § § | |
| vs. | § § | HARRIS COUNTY, TEXAS |
| ALLSTATE TEXAS LLOYD'S, | § § | |
| *Defendant.* | § | \_\_\_\_ JUDICIAL DISTRICT |

**PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, DIANA UNRUH ("Plaintiff"), and complains of ALLSTATE TEXAS LLOYD'S ("ALLSTATE" and/or "Defendant"). In support of such claims and causes of action, Plaintiff respectfully shows unto this Honorable Court and Jury as follows:

**I. DISCOVERY CONTROL PLAN**

1.1     Discovery in this case should be conducted in accordance with a Level 3 tailored discovery control plan pursuant to Texas Rule of Civil Procedure 190.4. Plaintiff affirmatively pleads this suit is not governed by the expedited-actions process in Texas Rule of Civil Procedure 169, as Plaintiff seeks monetary relief over $100,000.

**II. PARTIES**

2.1     Plaintiff, DIANA UNRUH, is a resident of Harris County, Texas.

2.2     Defendant, ALLSTATE TEXAS LLOYD'S, is a domestic company engaged in the business of insurance in this state. It may be served with process by serving its registered agent, CT Corporation System, by certified mail, return receipt requested, at 1999 Bryan Street, Suite

900, Dallas, Texas 75201-3136, or wherever it may be found. Plaintiff requests citation be issued and E-served to Plaintiff attorney's office at this time.

### III. JURISDICTION AND VENUE

3.1     This Court has jurisdiction over this case in that the amount in controversy exceeds the minimum jurisdictional limits of this Court.

3.2     Venue is proper in Harris County, Texas, because all or a substantial part of the events giving rise to the lawsuit occurred in this county, and the insured property that is the basis of this lawsuit is located in Harris County, Texas.

### IV. AGENCY AND RESPONDEAT SUPERIOR

4.1     Whenever in this petition it is alleged that Defendant did any act or thing, it is meant that Defendant or its agents, officers, servants, employees, or representatives did such a thing. It was also done with the full authorization or ratification of Defendant or done in the normal routine, course and scope of the agency or employment of Defendant or its agents, officers, servants, employees, or representatives.

### V. CONDITIONS PRECEDENT

5.1     All conditions precedent to recovery have been performed, waived, or have occurred.

### VI. FACTS APPLICABLE TO ALL COUNTS

6.1     Plaintiff is the owner of a Texas Homeowner's Policy number 216331080 issued by ALLSTATE (the "Policy").

6.2     Plaintiff owns the insured property, which is specifically located at 9034 Lawncliff Lane, Houston, Texas, 77040 (the "Property").

6.3     ALLSTATE, or its agent(s), sold the Policy, insuring and covering the Property against damages from storm-related events, to Plaintiff.

6.4     On or about May 12, 2016, Plaintiff experienced a storm that damaged the Property. In its track, the storm left behind widespread damage to the Property, Plaintiff's home.

6.5     The Plaintiff timely submitted a claim to ALLSTATE. ALLSTATE assigned various adjusters to adjust the claim. However, ALLSTATE and and its agents were not diligent in investigating Plaintiff's loss. ALLSTATE failed to timely and accurately investigate the covered loss. ALLSTATE assigned claim number 0413840133 to Plaintiff's claim.

6.6     Ultimately, ALLSTATE, inspected Plaintiff's property after the storm. During the inspection, ALLSTATE, was tasked with the responsibility of conducting a thorough and reasonable investigation of Plaintiff's claim, including determining the cause of, and then quantifying the damage done to Plaintiff's home.

6.7     ALLSTATE prepared a repair estimate which did not account for all of the covered damages. Further, even the damages that were accounted for were vastly under-scoped. Thus, Defendant ALLSTATE demonstrated it did not conduct a thorough investigation of the claim.

6.8     Defendant ALLSTATE failed to fairly evaluate and adjust Plaintiff's claim as they are obligated to do under the Policy and Texas law. By failing to properly investigate the claim and wrongfully denying full coverage to Plaintiff, ALLSTATE engaged in unfair settlement practices by misrepresenting material facts to Plaintiff.

6.9     Defendant ALLSTATE failed to perform its contractual duty to adequately compensate Plaintiff under the terms of the Policy. Specifically, Defendant ALLSTATE failed and refused to properly pay proceeds for the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to

recovery upon the Policy had been carried out and accomplished by Plaintiff. Defendant ALLSTATE's conduct constitutes a material breach of the insurance contract.

6.10   Defendant ALLSTATE misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered peril. Defendant's conduct constitutes a violation of the Unfair Settlement Practices specified in Tex. Ins. Code § 541.060(a)(1).

6.11   Defendant ALLSTATE's repair estimate under-scoped the covered damages and misrepresented the benefits under the Policy, which promised to pay the amount of loss to the Plaintiff. Defendant's conduct constitutes a violation of the Misrepresentation Regarding Policy or Insurer section specified in Tex. Ins. Code § 541.051(1)(B).

6.12   Defendant ALLSTATE failed to make an attempt to settle Plaintiff's claims in a prompt and fair manner, although they were aware of its liability to Plaintiff was reasonably clear under the Policy. Defendant's conduct constitutes a violation of the Unfair Settlement Practices specified in Tex. Ins. Code § 541.060(a)(2)(A).

6.13   Defendant ALLSTATE failed to explain to Plaintiff why full payment was not being made. Furthermore, Defendant did not communicate that future payments would be forthcoming to pay for the entire losses covered under the Policy, nor did Defendant provide any explanation for the failure to adequately settle Plaintiff's claims, in violation of Tex. Ins. Code § 541.060(a)(3).

6.14   Defendant ALLSTATE failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants. Defendant's conduct

constitutes a violation of the Unfair Settlement Practices specified in Tex. Ins. Code § 541.060(a)(4).

6.15 Defendant ALLSTATE refused to fully compensate Plaintiff under the terms of the Policy, even though Defendant failed to conduct a reasonable investigation. Specifically, Defendant ALLSTATE performed a results/outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses to the Property. Defendant's conduct constitutes a violation of the Unfair Settlement Practices specified in Tex. Ins. Code § 541.060(a)(7).

6.16 Defendant ALLSTATE misrepresented the insurance policy sold to Plaintiff by (1) making an untrue statement of material fact regarding coverage; (2) failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made; (3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact regarding coverage; (4) making a material misstatement of law; and/or (5) failing to disclose a matter required by law to be disclosed, including failing to make a disclosure in accordance with another provision of the Texas Insurance Code, in violation of Section 541.061 of the same.

6.17 Defendant ALLSTATE failed to meet its obligation under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated deadline. Defendant's conduct constitutes a violation of the Prompt Payment of Claims subchapter specified in Tex. Ins. Code § 542.055.

6.18 Defendant ALLSTATE failed to accept or deny the Plaintiff's full and entire claim within the statutory mandated deadline of receiving all necessary information. Defendant's

conduct constitutes a violation of the Prompt Payment of Claims subchapter specified in Tex. Ins. Code § 542.056.

6.19    Defendant ALLSTATE failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, Defendant has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not yet received full payment for Plaintiff's claim. Defendant's conduct constitutes a violation of the Prompt Payment of Claims subchapter specified in Tex. Ins. Code § 542.058.

6.20    From the point in time Plaintiff's claim was presented to Defendant ALLSTATE, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendant ALLSTATE has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing.

6.21    As a result of Defendant's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing Plaintiff with respect to these causes of action. On or about July 22, 2016 Plaintiff's counsel sent a letter of representation requesting various documents related to the storm.

6.22    On or about August 23, 2016, Plaintiff's counsel sent a Texas Deceptive Trade Practices Act ("DTPA") and Texas Insurance Code Notice and Demand letter. The letter informed Defendants of potential violations under the DTPA and Insurance Code related to its handling and adjusting of Plaintiff's claim and potential claims, including attorney's fees, statutory penalty interest, and additional damages arising from those violations. The Notice and Demand letter provided Defendants with the statutorily mandated sixty days to respond, and an opportunity to

resolve the claim without extended litigation costs. Defendant made no other attempt to respond to the Demand or settle the claim; satisfying the statutory requirement that Defendants either deny a DTPA and Insurance Code Demand or be allotted a sixty-day time period to attempt to resolve the claim before a petition is to be filed.

6.23 To date, Defendant ALLSTATE has failed to and refused to pay Plaintiff for the proper repair of the property. Plaintiff's experience is not an isolated case. The acts and omissions of Defendants committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendants with regard to handling this type of claim. Defendants' entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholder.

## VII. COUNTS

7.1 Plaintiff incorporates by reference all facts, statements, and allegations set forth in all previous paragraphs, as if set forth in full in each cause of action that follows.

7.2 **COUNT 1 – BREACH OF CONTRACT**

    a. At the time of the loss, Plaintiff had valid, enforceable insurance contract in place, issued by Defendant (the "Policy"). Plaintiff was the insured of the contract. Plaintiff fully performed her contractual obligations by making premium payments as required by the insurance contract, and at all times complied fully with all material provisions of the Policy.

    b. According to the Policy that Plaintiff purchased, Defendant ALLSTATE had the duty to investigate and pay Plaintiff's policy benefits for claims made for covered damages, including additional benefits under the Policy, resulting from the damages. As a

result of these damages, which result from covered perils under the Policy, the Plaintiff's home has been damaged.

 c. Defendant ALLSTATE's failure to properly investigate and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question and under the laws of the State of Texas, constitutes a material breach of Defendant ALLSTATE's contract with Plaintiff. As a result of this breach of contract, Plaintiff has suffered the damages that are described in this Petition, the producing cause of which is Defendant's actions.

### 7.3 COUNT 2 – PROMPT PAYMENT OF CLAIMS; VIOLATION OF TEXAS INSURANCE CODE §542, ET SEQ.

 a. Under the Texas Insurance Code, Defendant ALLSTATE had a duty to investigate and pay Plaintiff's claim under the Policy in a timely manner. Defendant ALLSTATE violated Chapter 542 of the Texas Insurance Code by not timely: (1) commencing its investigation of the claim; (2) requesting information needed to investigate the claim; (3) communicating with its insured regarding the status of its investigation, including failing to accept or reject Plaintiff's claim in writing within the statutory timeframe; (4) conducting its investigation of the claim; and (5) paying the claim.

 b. All of the above-described acts, omissions, and failures of Defendant are a producing cause of Plaintiff's damages that are described in this petition. Defendant ALLSTATE is therefore liable under Chapter 542 for penalty interest at the rate set forth in the statute, and attorney's fees taxed as costs of this suit.

 c. Additionally, if it is determined Defendant ALLSTATE owes Plaintiff any additional money on Plaintiff's claim, then Defendant has automatically violated Chapter 542 in this case.

### 7.4 COUNT 3 – UNFAIR INSURANCE PRACTICES; VIOLATION OF TEXAS INSURANCE CODE § 541, ET SEQ.

a. As an insurer, Defendant ALLSTATE owes statutory duties to Plaintiff as its insured. Specifically, the Texas Insurance Code prohibits Defendant ALLSTATE from engaging in any unfair or deceptive act or practice in the business of insurance.

b. By its acts, omissions, failures, and conduct, Defendant ALLSTATE has engaged in unfair and deceptive acts or practices in the business of insurance in violation of 541 of the Texas Insurance Code. Such violations include, without limitation, all the conduct described in this petition, plus Defendant's unreasonable delays and under-scoping in the investigation, adjustment, and resolution of the Plaintiff's claim, plus Defendant's failure to pay for the proper repair of the Plaintiff's home on which liability had become reasonably clear. They further include Defendant's failure to give Plaintiff the benefit of the doubt. Specifically, Defendant ALLSTATE are guilty of the following unfair insurance practices:

    i. Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue;

    ii. Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of claim submitted in which liability had become reasonably clear;

    iii. Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for the denial of a claim or for the offer of a company's settlement;

    iv. Failing to affirm or deny coverage of Plaintiff's claim within a reasonable time;

   v. Refusing to pay Plaintiff's claim without conducting a reasonable investigation with respect to the claim; and

   vi. Misrepresenting the insurance policy sold to Plaintiff by (1) making an untrue statement of material fact regarding coverage; (2) failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made; (3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact regarding coverage; (4) making a material misstatement of law; and/or (5) failing to disclose a matter required by law to be disclosed, including failing to make a disclosure in accordance with another provision of the Texas Insurance Code.

  c. Defendant ALLSTATE has also breached the Texas Insurance Code when it breached its duty of good faith and fair dealing. Defendant's conduct as described herein has resulted in Plaintiff's damages that are described in this petition.

  d. All of the above-described acts, omissions, and failures of Defendant are a producing cause of Plaintiff's damages that are described in this petition, and were done knowingly and/or intentionally as that term is used in the Texas Insurance Code.

### 7.5 COUNT 4 – DTPA; VIOLATIONS OF TEXAS BUSINESS AND COMMERCE CODE § 17.46, ET SEQ.

  a. Plaintiff is an individual who sought and acquired a good, the Policy that is the subject of the suit, by purchase, from the Defendant. Plaintiff also sought and acquired the service and adjustment of claims under that policy, a service that was "furnished in connection with the sale or repair of goods", as defined by the DTPA. This qualifies Plaintiff as a consumer of goods and services provided by Defendant as defined by the

Texas Deceptive Trade Practices Act ("DTPA"), codified under Chapter 17 of the Texas Business and Commerce Code. The Plaintiff has met all conditions precedent to bringing this cause of action against Defendants. Specifically, Defendant's violations of the DTPA include without limitation, the following matters.

  b. By its acts, omissions, failures, and conduct that are described in this petition, Defendant ALLSTATE has committed false, misleading, or deceptive acts or practices in violation of § 17.46(b)(2), (3), (5), (7), (11), (12), (13), (20), and (24) of the DTPA. In this respect, Defendant's violations include without limitation:

    i. Unreasonable delays in the investigation, adjustment and resolution of Plaintiff's claim, during which Defendant employed a series of alleged "independent adjusters" under the control of Defendant, that caused confusion to Plaintiff as to whom was representing whom, and had whose best interests in mind. This gives Plaintiff the right to recover under Section 17.46(b)(2) and (3) of the DTPA;

    ii. As described in this Petition, Defendant represented to Plaintiff that the insurance policy and Defendant's adjusting and investigative services had characteristics, uses, or benefits that it did not have, which gives Plaintiff the right to recover under Section 17.46(b)(5) of the DTPA;

    iii. As described in this Petition, Defendant represented to Plaintiff that the insurance policy and Defendant's adjusting and investigative services were of a particular standard, quality, or grade when they were of another in violation of Section 17.46(b)(7) of the DTPA;

iv. As described in this petition, Defendant represented to Plaintiff that the insurance policy and Defendant's adjusting and investigative services conferred or involved rights, remedies, or obligations that it did not have, which gives Plaintiff the right to recover under Section 17.46(b)(12) of the DTPA;

v. Defendant knowingly made false or misleading statements of fact concerning the need for replacement of roofing systems, which gives Plaintiff the right to recover under Section 17.46(b)(13) of the DTPA;

vi. Defendant breached an express and / or implied warranty that the damage caused by the subject storm would be covered under the insurance policies. This entitles the Plaintiff to recover under Sections 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA;

vii. Defendant failed to disclose information concerning the insurance policy which was known at the time of the transaction where the failure to disclose such information was intended to induce the Plaintiff into a transaction into which the Plaintiff would not have entered had the information been disclosed. This gives Plaintiff the right to recover under Section 17.46(b)(24) of the DTPA;

viii. Defendant's actions, as described in this petition, are unconscionable in that it took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Defendant's unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a)(3) of the DTPA; and

ix. Defendant's conduct, acts, omissions, and failures as described in this petition, are unfair practices in the business of insurance in violation of Section

17.50(a)(4) of the DTPA, under which violations of Chapter 541 of the Texas Insurance Code are an enabling statute.

c. All of the above-described acts, omissions, and failures of Defendant are a producing cause of Plaintiff's damages that are described in this petition. All of the above-described acts, omissions, and failures of Defendant were done knowingly and intentionally, as those terms are used and defined in the Texas Deceptive Trade Practices Act.

### 7.6 COUNT 5 – BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

a. By its acts, omissions, failures, and conduct, Defendant has breached its common law duty of good faith and fair dealing by failing to pay the proper amounts on Plaintiff's entire claim without any reasonable basis, and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial. Defendant has also breached this duty by unreasonably delaying payment of Plaintiff's entire claim, and by failing to settle Plaintiff's entire claim because Defendant knew or should have known that it was reasonably clear that the claim was covered. These acts, omissions, failures, and conduct of Defendant are a proximate cause of Plaintiff's damages.

### 7.7 COUNT 6 – MISREPRESENTATION

a. Defendant ALLSTATE is liable to Plaintiff under the theories of intentional misrepresentation, or in the alternative, negligent misrepresentation. Defendant ALLSTATE did not inform Plaintiff of certain exclusions in the policy. Misrepresentations were made by Defendant ALLSTATE or its agents, with the intention that they should be relied upon and acted upon by Plaintiff, who relied on the misrepresentations to Plaintiff's detriment. As a result, Plaintiff has suffered damages, including but not limited to loss of

the Property, loss of use of the Property, mental anguish and attorney's fees. Defendant ALLSTATE is liable for these actual consequential and penalty-based damages.

## VIII. WAIVER AND ESTOPPEL

8.1     Defendant is waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to the Plaintiff.

## IX. DAMAGES / CLAIMS FOR RELIEF

9.1     All the damages described and sought in this petition are within the jurisdictional limits of the Court and exceed an aggregate amount of monetary relief over $100,000 but not more than $200,000.

9.2     The above described acts, omissions, failures, and conduct of Defendants caused Plaintiff's damages, which include, without limitation, (1) the cost to properly repair Plaintiff's home, (2) any investigative and engineering fees incurred by Plaintiff, (3) court costs, and (4) attorney's fees. The Plaintiff is entitled to recover consequential damages from Defendants' breach of contract. The Plaintiff is also entitled to recover the amount of Plaintiff's claim plus an 18% per annum penalty on that claim against Defendants as damages under Chapter 542 of the Texas Insurance Code, plus prejudgment interest.

9.3     Defendant has also "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes. Because of Defendant's knowing and intentional misconduct, Plaintiff is entitled to additional damages as authorized by Section 17.50(b)(1) of the DTPA, which allows recovery of up to three times economic damages. Where there is an enabling statute for the DTPA, as there is here with the Texas Insurance Code, Plaintiff is entitled to recovery of up to three times actual damages.

Plaintiff is further entitled to the additional damages that are authorized by Chapter 541 of the Texas Insurance Code.

9.4 Defendant's breach of its duty of good faith and fair dealing owed to Plaintiff was done intentionally, with a conscious indifference to the rights and welfare of Plaintiff, as defined in Chapter 41 of the Texas Civil Practice and Remedies Code. These violations by Defendant are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in the amount to be determined by the finder of fact that is sufficient to punish Defendant for its wrongful conduct and to set an example to deter Defendant and others similarly situated from committing similar acts in the future.

## X. ATTORNEY'S FEES

10.1 As a result of Defendant's conduct that is described in this petition, Plaintiff has been forced to retain the undersigned law firm and attorney to prosecute this action, and has agreed to pay reasonable attorney's fees. Plaintiff is entitled to recover these attorney's fees under Chapter 38 of the Texas Civil Practice and Remedies Code, Chapters 541 and 542 of the Texas Insurance Code, and Section 17.50 of the DTPA.

## XI. DISCOVERY

11.1 Under the Texas Rule of Civil Procedure 194, the Defendant is requested to disclose within fifty (50) days of service of this request, the information of material described in Texas Rule of Civil Procedure 194.2(a) through (l). Plaintiff's Requests for Disclosure, Requests for Production, Interrogatories, and Requests for Admissions are attached, for service at the time of service of this petition, and incorporated herein by reference.

## XII. JURY DEMAND

12.1 Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

## XIII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff DIANA UNRUH prays that Defendant ALLSTATE TEXAS LLOYD'S be cited to appear and answer herein, and that upon trial hereof, said Plaintiff have and recover such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, as to economic damages, actual damages, consequential damages, statutory penalty interest, treble damages under the Texas Deceptive Trade Practices Act and Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of court, for prejudgment and post-judgment interest, at the highest rate allowed by law, and for any other and further relief, at law or in equity, to which Plaintiff may show herself to be justly entitled.

Respectfully submitted,

**THE CORONA LAW FIRM, PLLC**

By: /s/ *Jesse S. Corona*

Jesse S. Corona
Texas Bar No. 24082184
Southern District Bar No. 2239270
521 N Sam Houston Pkwy E, Ste. 420
Houston, Texas 77060
Office: 281.882.3531
Facsimile: 713.678.0613
Jesse@theCoronaLawfirm.com

**ATTORNEY FOR PLAINTIFF**

12/2/2016 6:43:52 PM
Chris Daniel - District Clerk Harris County
Envelope No. 14088174
By: Wanda Chambers
Filed: 12/2/2016 6:43:52 PM

CAUSE NO. 2016-74527

| | | |
|---|---|---|
| DIANA UNRUH, | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| ALLSTATE TEXAS LLOYD'S, | § | |
| | § | |
| *Defendant*. | § | |
| | § | 11TH JUDICIAL DISTRICT |

## DEFENDANT ALLSTATE TEXAS LLOYD'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Allstate Texas Lloyd's ("Defendant"), and files this, its Original Answer to Plaintiff's Original Petition, and would respectfully show unto the Court the following:

### I.
### ORIGINAL ANSWER

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every, all and singular, the allegations contained within Plaintiff's Original Petition, and demands strict proof thereon by a preponderance of the credible evidence in accordance with the Constitution and laws of the State of Texas.

### II.
### DEMAND FOR JURY TRIAL

Defendant herein makes demand for a jury trial in this case, and will tender the applicable fees thereon.

### III.
### PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Allstate Texas Lloyd's prays that upon final trial and hearing hereof, Plaintiff recovers nothing from Defendant, but Defendant goes

2604498v1
03646.806

hence without delay and recovers costs of court and other such further relief, both general and special, to which Defendant may be justly entitled.

              Respectfully submitted,

              By: */s/Jay Scott Simon*
                Jay Scott Simon
                State Bar No. 24008040
                jsimon@thompsoncoe.com
                THOMPSON, COE, COUSINS & IRONS, L.L.P.
                One Riverway, Suite 1400
                Houston, Texas 77056
                Telephone:  (713) 403-8210
                Telecopy:  (713) 403-8299

**ATTORNEY FOR DEFENDANT**
**ALLSTATE TEXAS LLOYD'S**

## CERTIFICATE OF SERVICE

This is to certify that on December 2, 2016, a true and correct copy of the foregoing was delivered to the following counsel for Plaintiffs by electronic service:

Jesse S. Corona
THE CORONA LAW FIRM, PLLC
521 N Sam Houston Pkwy E, Ste. 420
Houston, Texas 77060
Email: jesse@thecoronalawfirm.com

              */s/Jay Scott Simon*
              Jay Scott Simon

2604498v1
03646.806